IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

UNITED STATES OF AMERICA *ex rel.* ELIZABETH PETERS YOUNG,

    Plaintiff,

vs.

BTW SOLUTIONS, LLC,

    Defendant.

                     CASE NO. 3:17-CV-94 (CDL)

## O R D E R

The Court previously granted Relator Elizabeth Peters Young's motion for attorneys' fees and costs against BTW Solutions, LLC. BTW appealed. The Court of Appeals for the Eleventh Circuit affirmed this Court's award of attorneys' fees and costs to Young. *United States v. BTW Sols., LLC*, No. 25-12723, 2026 WL 671339, at *2 (11th Cir. Mar. 10, 2026) (per curiam). Young now seeks the fees and costs she incurred for the appeal. In total, Young requests $81,290.90 in additional fees and costs: $81,163.50 in fees for 143.4 hours her legal team spent on the appeal and the supplemental fee application, plus $127.40 in costs. For the reasons set forth below, the Court grants the supplemental fee application in its entirety (ECF Nos. 104 & 108).

## FACTUAL BACKGROUND

After the Eleventh Circuit issued its opinion affirming this Court's fee award and entered judgment, Young filed a fee

application in the Eleventh Circuit for the fees and costs she incurred defending the fee award on appeal.  The Eleventh Circuit issued its mandate remanding the case to this Court but did not rule on Young's fee motion.  The Eleventh Circuit later transferred the appellate fee motion to this Court.  Order, ECF No. 31 in Case 25-12723 (11th Cir. Jun. 8, 2026), *also available at* ECF No. 108 in this action.

Before the Eleventh Circuit transferred the appellate fee motion to this Court, Young also filed a motion for the appellate fees in this Court, relying on the same attorney affidavit and billing records for fees incurred from the date of this Court's judgment to April 7, 2026.  *See* Karinshak Aff. (Apr. 8, 2026), ECF No. 105-1; Karinshak Aff. (Apr. 8, 2026), ECF No. 29 in 11th Cir. Case No. 25-12723.  Young asserts that this duplicative filing was submitted out of an abundance of caution.  Given that the two filings seek the same relief and rely on the same affidavit, the Court considers the two filings to be a single motion for fees (ECF Nos. 104 & 108 in this action and ECF No. 29 in 11th Cri. Case 25-12723).  Young also supplemented the appellate fee petition with another affidavit, which details fees incurred from April 8, 2026 to June 3, 2026 that are related to her petition for appellate fees.  Karinshak Suppl. Aff. (Jun. 4, 2026), ECF No. 107-1.

DISCUSSION

BTW objects to Young's supplemental fee application for appellate fees and costs, contending that this Court lacks authority to award such fees because Young's fee petition in the Eleventh Circuit was untimely. This argument lacks merit.

Under the Eleventh Circuit's rules, the deadline for Young's fee application was April 14, 2026. *See* 11th Cir. R. 39-2(a) (establishing fee application deadline of "within 14 days after the time to file a petition for rehearing or rehearing en banc expires"); 11th Cir. R. 40-2 (requiring that a "petition for panel rehearing or rehearing en banc must be filed within 21 days of entry of judgment," making BTW's deadline for such a petition March 31, 2026). Young timely filed her fee application in the Eleventh Circuit on April 10, 2026. Thus, the Court may consider Young's fee petition, which the Eleventh Circuit expressly transferred to this Court.

BTW does not dispute that Young is entitled to recover her appellate fees and costs as the prevailing party in this action and on appeal. BTW also does not challenge the hourly rates claimed by the members of Young's legal team. BTW only challenges the number of hours expended, arguing that Young's fee application includes excessive, redundant, and unnecessary time that must be excluded from any fee award under applicable law. "Hours that are not properly billed to one's *client* also are not properly billed

3

to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).  As the party challenging the fee award, BTW has the burden to point the Court to specific billing entries that reveal excessive, redundant, or unnecessary time.

First, BTW takes issue with the fact that two attorneys spent a total of 1.6 hours reviewing the Eleventh Circuit's rules on notices of appearance and instructing staff on correctly preparing and filing the notices.  The Court is not convinced that this time was unnecessary or excessive, and it declines to exclude this time.

Second, BTW objects to 30.4 hours that three of Young's attorneys spent preparing for or participating in mediation that was required by the Eleventh Circuit.  Based on the Court's review of the billing entries BTW cited regarding mediation-related tasks, the Court is not persuaded that it was unreasonable to have three attorneys work on the mediation or that the attorneys were unreasonably doing the same work.  The Court declines to exclude any mediation-related time.

Third, BTW contends that Young should not be permitted to recover for approximately fourteen hours that her legal team spent on filing the fee application in the Eleventh Circuit.  As discussed above, the Eleventh Circuit transferred that fee application to this Court, so the Court declines to exclude the

4

time.  BTW suggests that Young's legal team may have spent some redundant time on filing the fee motion in this Court, but BTW did not point the Court to the time entries for these tasks or otherwise establish that the time was excessive.  The Court notes that Young's reply brief included a supplemental affidavit detailing 22.9 hours spent on this matter after April 7, 2026—some of it related to filing the supplemental fee petition in the Eleventh Circuit and some of it on pursuing the fees in this Court. BTW did not object to the supplemental affidavit or point to any entries in the attached billing records that are not compensable. For these reasons, the Court declines to exclude time that Young's attorneys spent pursuing the appellate fee application in this Court.

Finally, BTW contends that the Court should make an across-the-board reduction of 20% to account for excessive or redundant time.  Such an approach is warranted where, unlike here, it is impossible to parse out reductions for specific tasks.  The billing records Young relies on appear sufficient to put BTW on notice of how much time each member of Young's legal team billed, which would allow BTW to challenge any true redundancies if they existed.  The Court finds that an across-the-board reduction is not appropriate here.

CONCLUSION

In summary, Young is entitled to recover her appellate fees and costs as the prevailing party in this action, including her fees and costs incurred in connection with the appeal.  The Court therefore awards Young an additional $127.40 in costs and an additional $81,163.50 in attorneys' fees.[1]  The Clerk shall amend the judgment to reflect a total attorneys' fee award of $344,557.00 and a total costs award of $413.98.

IT IS SO ORDERED, this 2nd day of July, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] BTW did not clearly object to the additional $127.40 in costs.